MARIA CRON v. THE ESTATE OF FREDERICK W. CRON AND CHRISTIAN CRON, INSOLVENTS.

*Insolvents—Preferred creditors.*

Two brothers constituting a firm had been individually indebted to their mother before they went into partnership, and becoming insolvent as a firm they gave their mother a partnership note secured by chattel mortgage on their stock, and shortly afterward made an assignment. The mother knew of their insolvent condition when the mortgage

was given, and received on the note and mortgage before the assignment was made more than she had lent the firm. *Held*, that she was not entitled to any preference as a bona fide secured creditor.

Appeal from Manistee.    (Judkins, J.)    Jan. 7.—Jan. 21.

BILL to establish priority of claim against insolvent. Complainant appeals.    Reversed.

*A. J. Dovel* for complainant.

*A. V. McAlvay* for assignee of insolvent estate.

SHERWOOD, J.    Frederick W. Cron and Christian Cron, in 1883, were engaged in the furniture business in the city of Manistee, under the firm name of Cron Brothers.    On the 23d day of November, the firm being pecuniarily embarrassed and unable to pay their indebtedness, made a common-law assignment of their property to William Nungesser of Manistee.    At the time of making the assignment, one Bernard Goldsmith held a chattel mortgage on a part of the stock of goods, for purchase money, against which the assignee and creditors made no contest.    Maria Cron also held one note against the firm, dated October 16, 1883, given for the sum of $1915.42.    This note was secured by a chattel mortgage on the stock, purporting to have been given on the 17th day of November, 1883.    She also held another note, bearing same date as the first, given by said firm to Charles Frank, for the sum of $800, purporting to be secured by a bill of sale upon the goods assigned.    This claim was assigned to Maria Cron by Frank on the 8th day of December, 1883. The bill of sale and chattel mortgage bear the same date, and were made and executed at the same time and place.

The assignee entered upon the discharge of his duties at once, and converted the assigned stock into money.    Further proceedings on the part of the assignee were then enjoined by the order of the court made upon a petition filed by the insolvents, and also by another order granted upon the application of Maria Cron in this case.    It was claimed by Mrs.

Cron that both her claims were entitled to preference by reason of being secured as aforesaid. The circuit judge made a decree directing the claim secured by the chattel mortgage to be paid in full, but disallowed the Frank claim. The assignee appeals from the decree allowing full payment of the first note and mortgage.

The return contains the proofs taken in the case, from which it appears that Maria Cron is the mother of the Cron brothers, and resided in Milwaukee, and that Charles Frank is the brother-in-law of Frederick; that the insolvents came from Milwaukee and had been engaged in business in Manistee less than two years; and that they carried on their business there almost entirely on borrowed capital. It also further appears the amount for which the mother claimed the rights of a secured creditor was the individual indebtedness of her sons, which existed long before they came to Manistee and before they became partners, and that she had received, before the assignment was made on the note and mortgage, more than the amount she had loaned to the firm. It also appears, we think, very clearly that the firm was insolvent when the mortgage was given; and that fact was well known to Mrs. Cron when she took her security. Indeed, it appears that her knowledge of this fact induced her to ask for the security, and the sons to make the mortgage. Under such a state of facts, she is not entitled to the preference claimed as a bona fide secured creditor, and the order to that effect made by the circuit judge must be

Reversed and set aside, with costs.

The other Justices concurred.